IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>ATLANTIC CRANE INSPECTION SERVICES INC.,<br><br>   Defendant. | CIVIL ACTION NO. 24-1323 |

**MEMORANDUM OPINION**

**Rufe, J.**                                     **March 26, 2025**

Plaintiff Associated Industries Insurance Company, Inc. ("Associated Industries") filed a Declaratory Judgment Complaint against Defendant Atlantic Crane Inspection Services, Inc. ("Atlantic Crane") seeking a declaration that Associated Industries does not owe Atlantic Crane a duty to defend or indemnify for claims asserted against Atlantic Crane in connection with two underlying actions arising from a "crane incident" occurring on March 5, 2022.[1] Atlantic Crane has moved for a judgment on the pleadings, requesting the Court find that Associated Industries is obligated to defend Atlantic Crane in the underlying actions.[2] Associated Industries has cross-moved for a judgment on the pleadings seeking a declaration that Associated Industries owes no duty to defend or indemnify Atlantic Crane.[3] For the reasons explained below, Atlantic Crane's motion will be denied, and Associated Industries's cross-motion will be granted.

---

[1] Compl. [Doc. No. 1].

[2] Mot. J. Pleadings [Doc. No. 14].

[3] Pl.'s Resp. in Opp. Mot. J. Pleadings and Cross Mot. for J. Pleadings [Doc. No. 15].

I.     **BACKGROUND**

    A.     **Factual Background**

On March 5, 2022, a crane's rigging system detached from overhead and struck Joshua Rastelli and Kevin Flanagan, who were working on the construction site of a 31-story residential building located at One Dock Street, Philadelphia, PA.[4] The impact caused the rigging system to fall several hundred feet, crashing into Rastelli and Flanagan and breaking their hard hats.[5] The individuals both filed suit in the Court of Common Pleas of Philadelphia, naming Atlantic Crane as one of several defendants.[6] The suits[7] allege that Atlantic Crane provided service, maintenance, inspection, and repair services or work for the crane at the project,[8] and that Atlantic Crane inspected the crane and its component parts before the incident.[9] In relevant part, the Underlying Complaints assert Atlantic Crane's liability flows from the following:

> 124. Atlantic Crane Inspection was responsible for inspecting the Crane and its component parts, including the hook and rigging device/system before the incident giving rise to this lawsuit.
>
> 125. Atlantic Crane Inspection was responsible to ensure that the Crane and its component parts, including the hook and device/rigging system were secure and safe for use on the Project.
>
> 126. Atlantic Crane Inspection was responsible to report on any deficiencies, concerns, hazards, safety, or maintenance issues with the Crane and its component parts, including the hook and rigging device/system, to ensure that it did not pose a safety hazard to any one on the public or anyone on the work site.
>
> 127. Atlantic Crane Inspection was responsible to recommend solutions, repairs, or corrective action for any deficiencies, concerns, hazards, safety, or maintenance issues discovered during its inspection of the Crane and its component parts, including the hook and rigging device/system.

---

[4] Compl. ¶¶ 13, 23 [Doc. No. 1].

[5] Compl. ¶ 24 [Doc. No. 1].

[6] Compl. ¶¶ 7-9 [Doc. No. 1]. Atlantic Crane tendered a demand for defense under the Policy. *Id.* at ¶ 11.

[7] Hereinafter the collective *Rastelli* and *Flanagan* complaints filed in the Court of Common Pleas of Philadelphia County will be referred to as "Underlying Complaints."

[8] Compl. ¶ 17 [Doc. No. 1].

[9] Compl. Ex. A ¶¶ 74-76 [Doc. No. 1-3].

128. Atlantic Crane Inspection was responsible for the safe operation and use of the Crane on the Project.[10]

### B.   Atlantic Crane's Insurance Policy

Atlantic Crane holds an Insurance Policy with Associated Industries, effective from August 25, 2021, to August 25, 2022 (the "Policy").[11] The Policy provides for general liability coverage, and states in relevant part:

> SECTION I – COVERAGES
>
> COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY
>
> 1. Insuring Agreement
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result . . . .[12]

Associated Industries filed a Declaratory Judgment Complaint against Atlantic Crane seeking a declaration that it does not owe Atlantic Crane a defense or indemnity for claims asserted against Atlantic Crane for the Rastelli and Flanagan lawsuits.[13] Associated Industries asserts that "[a]n actual and justiciable controversy exists concerning the rights and obligations of the parties under the Policy at issue with respect to the [state court actions]."[14]

---

[10] Compl. Exs. A, B ¶¶ 124-28 [Doc. Nos. 1-3, 1-4].

[11] Compl. ¶ 10 [Doc. No. 1].

[12] Compl. Ex. C at CG 00 01 12 07 [Doc. No. 1-5].

[13] *See* Compl. [Doc. No. 1].

[14] *Id.* ¶ 53.

Atlantic Crane has filed a Motion for Judgment on the Pleadings.[15] In its Motion, Atlantic Crane asserts that Associated Industries "is obligated to defend it in the claims asserted by Joshua and Tina Rastelli and Kevin and Meagan Flanagan."[16] Associated Industries has cross-moved under Federal Rule of Civil Procedure 12(c) for "a declaration that Associated [Industries] owes no duty to defend or indemnify Atlantic Crane for the claims set forth against it in [the Underlying Complaints]."[17]

At issue before the Court is whether the "Designated Professional Services" Exclusion Endorsement ("Professional Services Exclusion") and/or the "Engineers, Architects or Surveyors Professional Liability" Exclusion Endorsement ("Engineer Exclusion") applies.[18] The Professional Services Exclusion states:

> THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
>
> EXCLUSION – DESIGNATED PROFESSIONAL SERVICES
>
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| Description Of Professional Services |
|---|
| 1. All Professional Services |
| 2. |
| 3. |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |

> With respect to any professional services shown in the Schedule, the following exclusion is added to Paragraph 2. Exclusions of Section I – Coverage A – Bodily Injury And Property

---

[15] *See* Mot. J. Pleadings [Doc. No. 14].

[16] *Id.* ¶¶ 17-20.

[17] Pl.'s Resp. Opp. Mot. J. Pleadings at 1 [Doc. No. 15].

[18] *See* Compl. ¶¶ 50-51; *see also* Mot. J. Pleadings ¶¶ 12-16 [Doc. No. 14].

Damage Liability and Paragraph 2. Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" due to the rendering of or failure to render any professional service.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or failure to render any professional service.[19]

The Engineer Exclusion states:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

EXCLUSION – ENGINEERS, ARCHITECTS OR SURVEYORS PROFESSIONAL LIABILITY

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph 2. Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability and Paragraph 2. Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional services by you or any engineer, architect or surveyor who is either employed by you or performing work on your behalf in such capacity.

Professional services include:

1. The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; and

2. Supervisory, inspection, architectural or engineering activities. This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or failure to render any professional services by you or any engineer, architect or surveyor who is either employed by you or performing work on your behalf in such capacity.[20]

---

[19] Compl. Ex. C. at CG 21 16 04 13 [Doc. No. 1-5].

[20] Compl. Ex. C. at CG 22 43 04 13 [Doc. No. 1-5].

Associated Industries asserts that these exclusions absolve Associated Industries of the duty to defend or indemnify.[21] Associated Industries states that the Professional Services Exclusion applies because the claims set forth in the Underlying Complaints arise from Atlantic Crane's alleged negligent inspection of the Crane, which is a professional service.[22] Associated Industries also argues that the Engineer Exclusion applies because the covered enumerated services in the exclusion include inspection.[23] Atlantic Crane argues that the exclusions "do not apply because the complaints in the [Underlying Complaints] do not allege that Atlantic Crane performed professional services or is an architect, engineer, or surveyor."[24]

## II. LEGAL STANDARD

"A motion for judgment on the pleadings should be granted if the movant establishes that 'there are no material issues of fact, and he is entitled to judgment as a matter of law.'"[25] When ruling on a motion for judgment on the pleadings, a court must accept all the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party.[26] Courts may dispose of cases that hinge on the interpretation of an insurance policy via a motion for judgment on the pleadings, as the interpretation of an insurance policy is a question of law.[27]

---

[21] Compl. ¶¶ 55-73 [Doc. No. 1].

[22] Compl. ¶¶ 59-61 [Doc. No. 1].

[23] Compl. ¶¶ 69-71 [Doc. No. 1].

[24] Mot. J. Pleadings ¶ 17 [Doc. No. 14].

[25] *Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d. Cir. 2017).

[26] *Id.* at 417-18.

[27] *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Com. Union. Ins. Co.*, 908 A.2d 888, 897 (Pa. 2006).

### III. DISCUSSION

#### A. The Duty to Defend

Interpretation of insurance policies are a question of state law.[28] Under Pennsylvania law, there are "several well-recognized principles" that courts should utilize when interpreting the legal meaning of terms in an insurance policy.[29] "For purposes of interpreting the terms of insurance policies for a duty to defend or indemnify, the duty to defend is broader than the duty to indemnify."[30]

Pennsylvania law dictates that insurance policies are to be interpreted "according to their natural, plain, and ordinary sense."[31] Under Pennsylvania law, where an insurance policy is ambiguous, the policy is to be construed in favor of the insured to further the purpose of the policy of indemnification and against the insurer—as the insurer drafts the policy and controls coverage.[32] When determining whether the underlying litigation is within the scope of the insurer's duties to defend or indemnify, a court may only examine the factual allegations in the "four corners" of the underlying complaint.[33] Should an underlying complaint allege any claim within the scope of the policy, the duty to defend is triggered.[34] The parties disagree as to whether the claims in the Underlying Complaints invoke the "Engineer Exclusion" or the "Professional Services Exclusion." Should an Exclusion be invoked, the Insurance Policy would

---

[28] *See Leithbridge Co. v. Greenwich Ins. Co.*, 464 F. Supp. 3d 734, 738 (E.D. Pa. 2020).

[29] *Id.*

[30] *Id.* at 739.

[31] *See Kvaerner*, 908 A.2d at 897.

[32] *Donegal Mut. Ins. Co. v. Baumhammers*, 938 A.2d 286, 290 (Pa. 2007).

[33] *Leithbridge*, 464 F. Supp. 3d at 739.

[34] *Donegal*, 938 A.2d at 290.

not apply to Atlantic Crane's demand for defense, and Atlantic Crane would not be entitled to coverage under the Insurance Policy.

### B. The "Engineer Exclusion"

Atlantic Crane argues that the Engineer Exclusion does not apply "because the complaints in the Underlying Actions do not allege that Atlantic Crane performed professional services or is an architect, engineer, or surveyor."[35] The Engineer Exclusion states that "[t]his insurance does not apply to 'bodily injury', 'property damage' or personal and advertising injury' arising out of the rendering of or failure to render any professional services by you or any engineer, architect or surveyor who is either employed by you or performing work on your behalf in such capacity."[36] "Professional Services," as defined in the Engineer Exclusion, include "[s]upervisory, inspection, architectural, or engineering activities."[37] The Underlying Complaint asserts that Atlantic Crane was responsible for inspecting the Crane and its component parts,[38] and that Atlantic Crane's failure to do so was a proximate cause of the incident.[39]

Therefore, the Underlying Complaint alleges that Atlantic Crane conducted services that are covered by the Engineer Exclusion's definition of "Professional Services," and the Engineer Exclusion applies.[40] There is no ambiguity here, as inspection activities are one of the enumerated services listed in the Engineer Exclusion, and all of Atlantic Crane's liability in the Underlying Complaints flows from their duty to inspect the crane.

---

[35] Mot. J. Pleadings ¶ 17 [Doc. No. 14].

[36] *Id.* at ¶ 16.

[37] *Id.*

[38] Compl. Ex. A ¶ 124 [Doc. 1-3].

[39] *Id.* at 129.

[40] The Court need not address whether or not the "Professional Services Exclusion" applies, as the "Engineer Exclusion" applies here, but notes that because the Insurance Policy defines "professional services," albeit in a different section of the Policy, that definition of services would likely apply.

## IV.    CONCLUSION

For the foregoing reasons, Atlantic Crane's Motion for a Judgment on the Pleadings will be denied, and Associated Industries's cross-motion for a declaration that Associated Industries owes no duty to defend or indemnify Atlantic Crane will be granted. An order will be entered.